*388 OPINION.
Sternhagen:
The issue in this proceeding grows largely out of the fact that petitioner’s accounts are not kept or its income computed in accordance with the natural cycle of its business. Its active commercial season begins at harvest in September and ends with payment in the spring. Obviously, if it had established an account *389 ing period ending sometime between March and September, as it might properly have done (ft. A. 1918 §212), the principal financial facts as to each annual crop would have been accounted for in the same period and the closing of the accounts would have fairly reflected its annual net income and determined its proper tax. By the use of a calendar year its fiscal affairs were artificially segregated. How long this primitive accounting had been used does not appear, but as early as 1915 its inadequacy to reflect the financial results of the business was vaguely recognized and petitioner sought to integrate the accounting for its 1914 crop by the entry nunc fro time in January, 1915, of an “estimate” of amounts to be received from its sale. The crop then was not so large as the 1919 crop and the divergence between the approximation and the actual receipts was unimportant. In later years it seems to have held its books open for a month during which its crop prices were received, and its tax liability apparently was computed by treating the actual receipts as if they had come in during the year of harvest. The facts were certain and known by the time the tax return was required to be prepared and filed and they were used as the basis of the computation of income.
Under such circumstances it is obviously fair and reasonable that the same method should be carried into the year before us, as the Commissioner has required, unless this is contrary to the statute.
The method of ascertaining this petitioner’s income is not that of actual cash receipts and disbursements, as petitioner in the alternative demands. By section 212, such a method could only be used if, either petitioner had regularly employed it, or the substitution of such a method were necessary to clearly reflect the income. We can not say that either of these is true. Hence, the issue is whether petitioner’s method of including an estimate and excluding receipts in excess more clearly reflects the income than that officially applied by respondent of including receipts until the closing of the books.
If this crop were separately considered and this taxable period were not related to other periods, it would be more questionable whether an accrual method which theoretically closes with the year could consistently hold the year open for actual subsequent receipts, although in some cases the Board has approved such a method. Illinois Terminal Co., 5 B. T. A. 15; Great Northern Railway Co., 8 B. T. A. 225; Indiana Harbor Belt Railroad Co., 16 B. T. A. 279. But when the method applied by respondent is a consistent use of that regularly adopted by petitioner and arises from the difficulties of a crude and incongruous system of accounting, there is little *390 ground for reasoning strictly as to whether the amount “ accrued ” in the taxable year. There is no absolute test of accrued income, and regularity of accounting practice not inconsistent with a clear reflection of what the law recognizes as income may be important. Here the exjjenses incurred in the production of the income have been accounted for in 1919 and we find no error in treating the income as derived in the same period. See American Express Co., 2 B. T. A. 498; Amalgamated, Sugar Co., 4 B. T. A. 568; Ernest M. Bull, Executor, 7 B. T. A. 993.

Judgment will be entered for the respondent.